**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| ROBERT M. MUSWAYA, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORPORATION,<br><br>    Defendant. | Case No.  4:19-cv-00768 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, ROBERT M. MUSWAYA, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of Defendant, TOYOTA MOTOR CREDIT CORPORATION, as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Bankruptcy Automatic Stay, 11 U.S.C. §362(a).

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334(b) as district courts have original but not exclusive jurisdiction of all civil proceedings under or related to title 11.

3.   Venue in this district is proper under 28 U.S.C. §1391(b)(1) as Defendant resides in this judicial district.

1

## PARTIES

4. ROBERT M. MUSWAYA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Los Angeles, California.

5. TOYOTA MOTOR CREDIT CORPORATION ("TMCC") is a foreign corporation with its principal place of business in the United States located at 6565 Headquarters Drive, Plano, Texas 75024.

## FACTUAL ALLEGATIONS

6. Plaintiff purchased a 2018 Toyota Corolla (the "Vehicle") financed by TMCC (the "Loan").

7. The terms of the Loan granted TMCC a security interest in the Vehicle.

8. On June 28, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. Schedule D of Plaintiff's bankruptcy petition duly scheduled TMCC as a secured creditor with a security interest in the Vehicle.[1]

10. On June 28, 2019, Plaintiff filed a Statement of Intention indicating his intent to retain the Vehicle and enter into a reaffirmation agreement with TMCC.

11. Upon filing of the bankruptcy case, the Vehicle became property of Plaintiff's bankruptcy estate. *See* 11 U.S.C. §541.

12. The filing of Plaintiff's bankruptcy case invoked the protections of the automatic stay pursuant to 11 U.S.C. §362(a).

---

[1] Plaintiff expressly scheduled "Toyota Financial Services" in his Schedule D. Toyota Financial Services is a brand of TMCC and services car loans for TMCC.

13. The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3).

14. Moreover, the automatic stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §362(a)(4).

15. On July 2, 2019, TMCC received notice of Plaintiff's bankruptcy and the imposition of the automatic stay.

16. On August 29, 2019, the 341 Meeting of Creditors was held in Plaintiff's bankruptcy case.

17. On September 6, 2019, TMCC repossessed the Vehicle.

18. TMCC repossessed the Vehicle without first obtaining relief from the automatic stay from the Bankruptcy Court.

19. TMCC repossessed the Vehicle before the expiration of the automatic stay pursuant to 11 U.S.C. §521(a)(6).

20. Immediately after TMCC repossessed the Vehicle, Plaintiff called TMCC and demanded that TMCC return the Vehicle.

21. In response to Plaintiff's request, TMCC asserted that it has no obligation to return the Vehicle.

22. Shortly thereafter, Plaintiff made multiple additional requests to TMCC for the return of the Vehicle.

23. TMCC denied each of Plaintiff's requests for the return of the Vehicle on the basis that TMCC had no obligation to return the vehicle.

24. On October 7, 2019, Plaintiff was granted a discharge pursuant to 11 U.S.C. §727.

## DAMAGES

25. As a result of TMCC's willful, malicious and reckless repossession of Plaintiff's Vehicle, Plaintiff sustained significant damages.

26. As a result of TMCC's unlawful repossession, Plaintiff was deprived of his primary means of transportation.

27. Accordingly, Plaintiff was unable to commute to work, which resulted in the loss of wages.

28. As a result of TMCC's unlawful repossession, Plaintiff was forced to resort to other means of transportation, such as Lyft and Uber, incurring expenses in the approximate amount of $2,307.00.

29. Moreover, Plaintiff was also forced to rent cars to meet his travel needs, incurring additional expenses as a result of TMCC's unlawful repossession.

30. Furthermore, TMCC's unlawful repossession resulted in the loss of Plaintiff's personal property that was in the Vehicle at the time of the repossession.

31. As a result of TMCC's unlawful repossession, Plaintiff suffered significant emotional distress, mental anguish, anxiety, loss of time, and extreme inconvenience.

## CLASS ALLEGATIONS

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States: (a) to whom TMCC or third party acting on TMCC's behalf, repossessed an automobile titled in his/her name; (b) in the three years preceding the filing of this action; (c) after receipt of notice of bankruptcy proceedings; (d) without first obtaining relief from the automatic stay pursuant to 11 U.S.C. § 362(d) or before the expiration of the automatic stay pursuant to 11 U.S.C. §521(a)(6).

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) TMCC, TMCC's subsidiaries, parents, successors, predecessors, and any entity in which TMCC or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against TMCC have been fully and finally adjudicated and/or released.

### A.    Numerosity:

35. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

36. Upon information and belief, TMCC repossessed automobiles of thousands of consumers who fall within the definition of the Putative Class.

37. Members of the Putative Class can be objectively identified from records of TMCC to be gained in discovery.

### B.    Commonality and Predominance:

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

    i.  Whether TMCC repossessed bankruptcy debtors' vehicles with knowledge of bankruptcy proceedings and automatic stay; and

    iii.  Whether TMCC repossessed bankruptcy debtors' vehicles without first obtaining relief from the automatic stay pursuant to 11 U.S.C. § 362(d) or before the expiration of the automatic stay pursuant to 11 U.S.C. §521(a)(6).

  **C.**  **Typicality:**

  39.  Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class had their automobiles repossessed by TMCC while the automatic stay was in effect, and are thus entitled to damages as result of TMCC's conduct.

  **D.**  **Superiority and Manageability:**

  40.  This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

  41.  The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

  42.  By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

  43.  Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

  **E.**  **Adequate Representation:**

  44.  Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

  45.  Plaintiff has no interests antagonistic to those of the Putative Class, and TMCC has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of 11 U.S.C. §362(a)
### (On behalf of Plaintiff and the Members of Putative Class)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48. The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" as well as "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §362(a)(3)-(4).

49. To establish an actionable claim under § 362(k), Plaintiff and members of the Putative Class must show that (1) TMCC knew of the existence of the automatic stay; (2) TMCC's acts were intentional; and (3) TMCC's acts violated the automatic stay. *See Young v. Repine* (*In re Repine*), 536 F. 3d 512, 519 (5th Cir. 2008) (enumerating the three elements for a claim under § 362(k)).

50. As pled above, TMCC received the Court's notice of Plaintiff's bankruptcy case filing.

51. Accordingly, TMCC had actual knowledge that automatic stay was in effect.

52. TMCC's repossession of the Vehicle after commencement of Plaintiff's bankruptcy case was an action taken in violation of the automatic stay. *See e.g. Nissan Motor Acceptance Corp. v. Baker*, 239 B.R. 484, 488 (N.D. Tex. 1999) (post-petition repossession is unquestionably a violation of the automatic stay); *Commercial Credit Corp. v. Reed*, 154 B.R. 471, 475 (E.D. Tex. 1993) (post-petition repossession of a car constituted violation of the automatic stay).

53. Moreover, TMCC's violation of the automatic stay was willful because TMCC had actual knowledge of Plaintiff's bankruptcy filing at the time TMCC repossessed the Vehicle.

54. TMCC's conduct demonstrates a blatant disregard of the rights of bankruptcy debtors and the mandates of the Bankruptcy Code.

55. TMCC's refusal to return the Vehicle after Plaintiff's requests to do the same suggests that TMCC maintains internal policies that run afoul the mandates of the Bankruptcy Code and its provisions.

56. Upon information and belief, it is TMCC's customary practice to repossess automobiles while the automatic stay is in effect.

57. Upon information and belief, TMCC's contempt of the automatic stay is pervasive, widespread, and harms bankruptcy debtors nationwide.

58. Pursuant to 11 U.S.C. §362(k), Plaintiff and the Putataive Class are entitled to actual damages, punitive damages, and their attorney's fees and costs for TMCC's violations of the automatic stay.

59. In order for the automatic stay to be meaningful, it must be enforced by courts, or else it becomes optional, thus frustrating Congress' goal in providing instant relief to distressed debtors.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. An order finding that TMCC's conduct as set forth herein violates 11 U.S.C. §362(a);

B. Entry of judgment against TMCC and in favor of Plaintiff and the Putative Class;

C. An order enjoining TMCC from committing further violations of 11 U.S.C. 11 U.S.C. §362(a);

D. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

E. An award of actual damages sustained by Plaintiff and the Putative Class as a result of TMCC's violations of 11 U.S.C. §362(a);

F. An award of punitive damages pursuant to 11 U.S.C. § 362(k) for TMCC's willful violations of 11 U.S.C. §362(k);

G. An award of Plaintiff's attorney's fees and costs pursuant to 11 U.S.C. § 362(k); and

H. Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 18, 2019                           Respectfully Submitted,

/s/ Mohammed O. Badwan

/s/ Joseph S. Davidson

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com